FILED
2005 Apr-04 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DELORIS ANN BURT, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } 99-AR-0852-NW |
| REYNOLDS METALS COMPANY, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Reynolds Metal Company ("Reynolds"), for partial summary judgment. Plaintiff, Deloris Ann Burt ("Burt"), was terminated from her employment as a purchaser with Reynolds as part of a workforce reduction effective February 1, 1998. On February 11, 1998, Burt filed an EEOC charge. She subsequently filed this lawsuit alleging race discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981. The motion for partial summary judgment applies only to the retaliation claim.

In his report and recommendation entered March 9, 2005, Magistrate Judge Armstrong opined that the retaliation claim should be dismissed, reasoning that the undisputed evidence reveals that the sole decisionmaker with regard to Burt's termination was never aware of any protected activity on her part. Upon due consideration of the evidentiary record and the briefs, the court

1

agrees that Burt has failed to establish her claim that she was terminated in retaliation for opposing some unlawful employment practice committed by defendant.

The more controversial portion of the report and recommendation, however, is the statement, "refusal to write a letter of recommendation cannot, as a matter of law, support a retaliation claim." Burt objects to this particular portion of the report and recommendation, arguing that she was retaliated against for filing an EEOC charge after her termination, when Reynolds' Human Resources Manager, Larry Hester ("Hester"), failed to provide her the letter of recommendation that he had previously agreed to provide. Burt takes issue with the magistrate judge's statement of the law, citing several cases for the proposition that a retaliatory reference, or the refusal to provide a reference at all, can support a retaliation claim.

The court need not decide the issue in this case. While the court agrees with the magistrate judge's recommendation that the retaliation claim should be dismissed in its entirety, it need not adopt the idea that a refusal to write a recommendation can never support a retaliation claim. As Reynolds points out, the undisputed evidence establishes that, after Hester agreed to write a recommendation for Burt, she never followed up on her request. In her deposition, she swore:

> "I didn't try to get the letter anymore after that, you know, after he wasn't in. I said, well, maybe he'll send

it or – but it was dropped."

Given this testimony, it cannot be reasonably inferred that Hester "refused to follow through on his promise." Moreover, there is no evidentiary basis to show that Burt subjectively viewed Hester's conduct as an adverse employment action. *See Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000).  Accordingly, the court agrees with the magistrate judge's ultimate conclusion that the retaliation claim is due to be dismissed.  The court will overrule plaintiff's objections to the report and recommendation and will grant Reynolds' Rule 56 motion by separate order.

DONE this 4th day of April, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE